UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY C. BUCKLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> G. ALVAREZ, et al., <br><br> Defendants. | Case No.: 1:22-cv-01514-CDB <br><br> **ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE** <br><br> **14-DAY DEADLINE** |

Plaintiff Rodney C. Buckley, Jr., is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    INTRODUCTION**

On April 24, 2025, the Court issued its Second Screening Order. (Doc. 22.) Specifically, the Court found Plaintiff's first amended complaint stated a First Amendment retaliation claim against Defendant Macabitas, a First Amendment free exercise claim against Defendant Alvarez, and Fourteenth Amendment equal protection claims against Defendants Alipaz and Alvarez but failed to allege any other cognizable claim against any other named Defendant. (*Id*. at 4-14.) Plaintiff was directed to do one of the following within 21 days: (1) notify the Court in writing that he did not wish to file a second amended complaint and was willing to proceed only on the claims found cognizable by the Court; *or* (2) file a second amended complaint curing the

deficiencies identified in the screening order; *or* (3) file a notice of voluntary dismissal. (*Id*. at 15-16. More than 21 days have now passed, and Plaintiff has failed to respond to the Court's Second Screening Order in any way.

## II.     DISCUSSION AND ORDER

The Local Rules,[1] corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to obey the Court's April 24, 2025, screening order requiring him to file a notice to proceed on the cognizable claims, or a second amended complaint, or a notice of voluntary dismissal. Nor has Plaintiff sought an extension of time within which to do so.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order of April 24, 2025. Alternatively, within that same time, Plaintiff may file a notice to proceed on the cognizable claims, or a second amended complaint, or a notice of voluntary dismissal.

//

---

[1] In this Court's November 23, 2022, order, Plaintiff was advised "the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules") …. Failure to so comply with be grounds for imposition of sanctions which may include dismissal of the case." (*See* Doc. 4 at 1 [First Informational Order In Prisoner/Civil Detainee Civil Rights Case].) The same order states "all Court deadlines are strictly enforced. Requests for extensions of time must be filed before the deadline expires and must state good reason for the request." (*Id*. at 5.)

**Any failure by Plaintiff to timely comply with this Order to Show Cause will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated: **May 22, 2025**

_____
UNITED STATES MAGISTRATE JUDGE