UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY C. BUCKLEY, JR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>G. ALVAREZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-01514-CDB<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT MACABITAS SHOULD NOT BE DISMISSED FROM THIS ACTION FOR A FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>**30-DAY DEADLINE** |

Plaintiff Rodney C. Buckley, Jr., is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    INTRODUCTION**

On August 13, 2025, the Court issued its Order Finding Service Appropriate. (Doc. 27.) Specifically, it ordered the United States Marshal (USM) to serve Defendants Alipaz, Alvarez, Connor, Hickerson, and Macabitas. (*Id*. at 1-2.)

Thereafter, on September 17, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed its notice of intent to waive service as to Defendants Alipaz, Alvarez, Connor, and Hickerson. (Doc. 29 [sealed].)[1] That same date, CDCR filed a notice of

---
[1] These individuals' waiver of service is due on or before October 17, 2025.

1  intent *not* to waive service as to Defendant Macabitas. (Doc. 30 [sealed].) CDCR indicated
2  Macabitas was no longer in its employ and provided a last known address. (*Id*.)
3      On September 26, 2025, the USM filed a summons returned unexecuted as to Defendant
4  Macabitas. (Doc. 31.) Attempting to serve Eleazar G. Macabitas at the last known address
5  provided, on September 24, 2025, the USM was advised by individuals residing at that address
6  that they were renting the home, that Macabitas "moved out" and that Macabitas's "location is
7  not known." (*Id*. at 1.)
8  **II.    DISCUSSION**
9      Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

"So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the USM with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

    Here, the USM has attempted to serve Defendant Macabitas at his last known address

1  without success. Plaintiff identified Defendant Macabitas as a "CSC" employed at California
2  State Prison-Solano (CSP-SOL) in Vacaville, California, between October 2017 and October
3  2018. (*See* Doc. 24 at 3 & Doc. 27 at 2.) However, the Marshal was advised that Macabitas was
4  no longer employed by the CDCR and thus could not be located at CSP-SOL. Further, although
5  the USM was provided with a last known address for Macabitas by CDCR, Macabitas could not
6  be located there. Hence, the Court finds Plaintiff has failed to provide the USM with accurate and
7  sufficient information to effect service of the summons and complaint on Defendant Macabitas.
8  *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the USM with the necessary
9  information to locate this individual, Defendant Macabitas shall be dismissed from this action,
10 without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.
11        To be clear, it is Plaintiff's obligation to provide the USM with accurate and sufficient
12 information to effect service of process. *Walker*, 14 F.3d at 1421-22; *see, e.g.*, *Lear v. Navarro*,
13 No. 1:21-cv-00600-DAD-BAM (PC), 2022 WL 2819034, at *2 (E.D. Cal. July 19, 2022) ("as the
14 Marshal has already attempted to serve Defendant Plata with the information that was provided,
15 the Court finds that Plaintiff has not provided sufficient information to identify and locate
16 Defendant Plata for service of process. To the extent Plaintiff requests that the Court order
17 [CDCR] Defendants or defense counsel to provide such information directly to the Court, by
18 order or by email, the Court declines to do so"); *Steward v. Igbinosa*, No. 1:18-cv-00551-AWI-
19 BAM (PC), 2021 WL 3488282, at *2 (E.D. Cal. Aug. 9, 2021) (it is not CDCR's responsibility to
20 provide the Court with updated contact information for the defendant; because plaintiff had "no
21 other information that can be used to locate Defendant Nelson, and as the Marshal has already
22 attempted to serve Defendant Nelson with the information provided, the Court finds that Plaintiff
23 has not provided sufficient information to identify and locate Defendant Nelson for service of
24 process"). And it is not the USM's responsibility to locate Defendant Macabitas. *See, e.g.,*
25 *Heredia v. Lawrence*, No. 17cv1560-LAB (LL), 2019 WL 1330316, at *2 (S.D. Cal. Mar. 25,
26 2019) (plaintiff suggested burden of locating defendants should "be on the USMS or the Court"
27 but it is plaintiff's responsibility to provide the necessary information and the "USMS does its
28 best to effect service as instructed, but it does not have the ability to track down every defendant

named in a complaint if the information provided by the plaintiff is faulty"). Nor does that burden fall on or extend to the Court. *See Heredia*, 2019 WL 1330316, at *2; *Harbridge v. Hall, Lee, and Tucker*, No. 1:10-cv-00473-DAD-JLT (PC), 2017 WL 1821282, at *5 (E.D. Cal. May 5, 2017) (same).

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Macabitas should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the USM in locating Defendant Macabitas for service of process.

### I.     CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Macabitas should not be dismissed from this action. Plaintiff may do so by providing additional information concerning Defendant Macabitas's current location; and
2. **Any failure by Plaintiff to timely respond to this order will result in a recommendation to dismiss any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **September 29, 2025**

UNITED STATES MAGISTRATE JUDGE