UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY C. BUCKLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> G. ALVAREZ, et al., <br><br> Defendants. | Case No.: 1:22-cv-01514-CDB <br><br> **FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT MACABITAS WITHOUT PREJUDICE** <br><br> **14-DAY OBJECTION PERIOD** <br><br> Clerk of the Court to Assign District Judge |

Plaintiff Rodney C. Buckley, Jr., is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.   BACKGROUND**

On August 13, 2025, the Court issued its Order Finding Service Appropriate. (Doc. 27.) Specifically, it ordered the United States Marshal (USM) to serve Defendants Alipaz, Alvarez, Connor, Hickerson, and Macabitas. (*Id*. at 1-2.)

Thereafter, on September 17, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed its notice of intent to waive service as to Defendants Alipaz, Alvarez, Connor, and Hickerson. (Doc. 29 [sealed].)[1] That same date, CDCR filed a notice of intent *not* to waive service as to Defendant Macabitas. (Doc. 30 [sealed].) CDCR indicated

---

[1] These individuals' waiver of service was filed October 17, 2025; their responsive pleading is due by November 17, 2025. (*See* Doc. 33.)

1  Macabitas was no longer in its employ and provided a last known address. (*Id*.)

2  On September 26, 2025, the USM filed a summons returned unexecuted as to Defendant
3  Macabitas. (Doc. 31.) The USM was advised by individuals residing at the address provided by
4  CDCR that they were renting the home, that Macabitas "moved out" and that Macabitas's
5  "location is not known." (*Id*. at 1.)

6  On September 29, 2025, the Court issued its Order to Show Cause (OSC) Why Defendant
7  Macabitas Should Not Be Dismissed from This Action for A Failure to Provide Sufficient
8  Information to Effectuate Service. (Doc. 32.) Plaintiff was directed to show cause, within 30 days,
9  why Defendant Macabitas should not be dismissed by providing additional information
10 concerning Macabitas's current location. (*Id*. at 4.) More than 30 days have passed yet Plaintiff
11 has failed to respond to the OSC in any way.

12 **II.    DISCUSSION**

13 The Federal Rules of Civil Procedure provide as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

18 Fed. R. Civ. P. 4(m).

19 In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon
20 order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]
21 prisoner 'is entitled to rely on the U.S. Marshal for service' ... as long as he or she 'provide[s] the
22 necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832
23 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other
24 grounds by *Sandin v. Connor*, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the
25 information necessary to identify the defendant, the marshal's failure to effect service is
26 'automatically good cause....'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (quoting *Sellers v. United*
27 *States*, 902 F.2d 598, 603 (7th Cir. 1990)), overruled on other grounds by *Sandin*, 515 U.S. at
28 483-84). However, where a pro se plaintiff fails to provide the Marshal with accurate and

2

sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, Plaintiff has failed to provide the USM with accurate and sufficient information to effect service of process. Plaintiff has also failed to respond to the Court's September 29, 2025, OSC by providing additional information concerning Defendant Macabitas's location that would allow for further service of process efforts.

Also, by failing to timely respond to the Court's OSC, it appears Plaintiff does not intend to proceed against Defendant Macabitas and, thus, it likewise appears that granting Plaintiff additional time within which to locate Defendant Macabitas would not result in the submission of the requested information. Relevant here, despite being afforded an opportunity through a response to the OSC, Plaintiff has not requested additional time within which to do so.

Because Plaintiff was previously advised that his failure to provide the necessary information would result in a dismissal for his failure to serve process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (*see* Doc. 32 at 4), the undersigned will recommend Defendant Macabitas be dismissed from this action without prejudice.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, the Clerk of the Court is **DIRECTED** to randomly assign a District Judge to this action.

Further, for the reasons given above, the Court **RECOMMENDS** Defendant Macabitas be **DISMISSED** from the action without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**November 5, 2025**__    _____
UNITED STATES MAGISTRATE JUDGE