UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY C. BUCKLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> G. ALVAREZ, et al., <br><br> Defendants. | Case No.: 1:22-cv-01514-JLT-CDB <br><br> **ORDER REFERRING CASE TO POST-SCREENING ADR AND STAYING CASE FOR 120 DAYS** <br><br> **FORTY-FIVE (45) DAY DEADLINE** |

Plaintiff Rodney C. Buckley, Jr., is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's First Amendment retaliation claims against Defendants Alvarez, Connors, Macabitas,[1] and Hickerson, First Amendment free exercise of religion claims against Defendants Alvarez and Hickerson, and Fourteenth Amendment equal protection violations against Defendants Alipaz and Alvarez.

The Court refers all civil rights cases filed by pro se inmates to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively.

The Court stays this action for 120 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference. The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement

---

[1] As concerns Defendant Macabitas, the undersigned issued Findings and Recommendations to Dismiss Defendant Macabitas Without Prejudice on November 6, 2025. (*See* Doc. 35.) Macabitas has not been served and is not represented by the California Attorney General's Office.

conference. However, if, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is hereby **ORDERED**:

1. This action is **STAYED** for **120 days** to allow the parties an opportunity to settle their dispute before the discovery process begins. No pleadings or motions may be filed in this case during the stay. The parties shall not engage in formal discovery, but they may engage in informal discovery to prepare for the settlement conference.

2. **Within 45 days** from the date of this Order, the parties **SHALL** file the attached notice, indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time.

3. **Within 60 days** from the date of this Order, defense counsel **SHALL** contact the undersigned's Courtroom Deputy Clerk at cboren@caed.uscourts.gov to schedule the settlement conference, assuming the parties agree to participate in an early settlement conference.

4. If the parties reach a settlement during the stay of this action, they SHALL file a Notice of Settlement as required by Local Rule 160.

5. The Clerk of the Court SHALL serve a copy of this Order to ADR Coordinator Sujean Park.

6. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* L.R. 182(f).

IT IS SO ORDERED.

Dated: **November 18, 2025**            _____
                                          UNITED STATES MAGISTRATE JUDGE

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY C. BUCKLEY, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. ALVAREZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-01514-JLT-CDB<br><br>NOTICE REGARDING EARLY SETTLEMENT CONFERENCE |

1. The party or counsel agrees that an early settlement conference would be productive and wishes to engage in an early settlement conference.

　　　　Yes \_\_\_\_　　　　　No \_\_\_\_

2. Plaintiff (check one):

　　　\_\_\_\_\_ would like to participate in the settlement conference in person.

　　　\_\_\_\_\_ would like to participate in the settlement conference by telephone or video conference.

Dated:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff or Counsel for Defendants

3