UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY C. BUCKLEY, JR., | Case No.: 1:22-cv-01514-JLT-CDB |
| Plaintiff, | **ORDER DIRECTING DEFENDANTS TO FILE STATUS REPORT NO LATER THAN FEBRUARY 27, 2026** |
| v. | |
| G. ALVAREZ, et al., | **ORDER ADDRESSING PLAINTIFF'S REQUEST FOR ELECTRONIC FILING** |
| Defendants. | |

Plaintiff Rodney C. Buckley, Jr., a former state prison, is proceeding pro se *and in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    RELEVANT BACKGROUND**

On January 23, 2026, the Court issued its Order Setting Settlement Conference and Settlement Conference Procedures. (Doc. 44.) Specifically, the matter was set for a settlement conference before Magistrate Judge Jeremy D. Peterson on March 26, 2026. (*Id*.) A minute order by Judge Peterson issued that same date. (Doc. 45.)

On or about January 28, 2026, the Court learned that Plaintiff had been released from California State Prison, Solano.

On February 2, 2026, the United States Postal Service (USPS) returned mail directed to Plaintiff marked "Undeliverable" and "Not Deliverable as Addressed." On February 11, 2026, it returned mail directed to Plaintiff for the same reasons.

On February 17, 2026, the undersigned issued a Minute Order vacating the March 26, 2026, settlement conference and indicated that "[s]hould Plaintiff file a timely notice of change of address in this action, a settlement conference can be rescheduled." (Doc. 46.) Later that same date,[1] Plaintiff filed a Notice of Change of Address. (Doc. 47.)

**II.      DISCUSSION**

Given that Plaintiff has provided the Court and the parties with his current contact information, the Court will direct counsel for Defendants to file a status report within seven days, indicating whether counsel intends to contact Court staff about rescheduling this matter for a scheduling conference. Presuming Defendants remain interested in participating in a settlement conference, and if counsel has not yet contacted the Court about rescheduling, defense counsel may contact the undersigned's courtroom deputy to make the necessary arrangements within that same period. If counsel elects to do so, that information shall appear in the status report.

Next, the Court addresses a statement included in Plaintiff's notice. In addition to providing his current address in Elk Grove, California, Plaintiff provides his telephone number and an email address. (Doc. 47.) He asks for "direct communication through the information provided above, for future correspondence." (*Id*.) Further, Plaintiff states: "I also would like attempt to motion with the courts for all future correspondence to be through email when submitting documents. And any conferences to be attend via Zoom." (*Id*.) Plaintiff is advised that his request concerning correspondence via email cannot be accommodated.

This Court's Local Rules require that pro se parties "file and serve paper documents as required by the applicable Federal Rules of Civil Procedure … or by these Rules." *See* Local Rule 133(b)(2).[2] Further, a pro se party "may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *Id*. Local Rule 183(c) provides: "Pro se parties must file documents conventionally, and any person appearing pro se may use electronic filing only with the permission of the assigned Judge." If a pro se party seeks to use electronic filing, Local Rule

---

[1] The notice was docketed on February 18, 2026.

[2] The Local Rules are available here: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

133(b)(3) states as follows: "Requests to use … electronic filing … shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation for the reasons for the exception. Points and authorities are not required, and no argument or hearing will normally be held."[3][4] Generally, "self-represented litigants are not permitted to e-file in this district." *Miller v. Sacramento City Unified School District*, No. 2:21-cv-0757-JAM-CKD PS, 2021 WL 3539733, at *3 (E.D. Cal. Aug. 11, 2021).[5]

In addition, a pro se party seeking to file documents electronically must also indicate an ability to comply with Local Rule 130 (formatting requirements), and that he or she has regular access to the technical requirements (hardware and software) necessary for e-filing in the Court's case management/electronic court filing (CM/ECF) system. *See, e.g.*, *Moonga v. California*, No. 1:25-cv-01478-JLT-EPG, 2025 WL 3091424, at *1 (E.D. Cal. Nov. 5, 2025) ("Plaintiff will be given an opportunity to file a declaration in support of his motion that addresses whether he is aware of the requirements for e-filing and whether he has access to the necessary hardware and software").[6] Plaintiff's request will be denied without prejudice. Should Plaintiff wish to renew his request, he may file a motion, or a stipulation, in accordance with the Court's rules and applicable case law.

Finally, Plaintiff is advised that the mailbox rule,[7] previously applicable during Plaintiff's

---

[3] *See also* https://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/representing-yourself-pro-selitigant/.

[4] *See, e.g.*, *Riaz v. Henry*, No. 1:21-cv-00911-KES-SKO, 2025 WL 2174190, at *1 (E.D. Cal. July 31, 2025) (denying motion for e-filing access by pro se plaintiff and noting "[l]engthy filings, efficiency, and cost effectiveness do not warrant an exception"); *Yates v. Money Source, Inc.*, No. 1:23-cv-00155-JLT-EPG, 2023 WL 1786252, at *1 (E.D. Cal. Feb. 6, 2023) (denying the plaintiff's request for permission to file documents electronically because the plaintiff had "not provided a sufficient explanation to deviate from the rule that pro se parties must file documents conventionally and may not utilize electronic filing"); *Driver v. Gibson*, No. 2:20-cv-0642-KJM-DMC, 2020 WL 4882403, at *1 (E.D. Cal. Aug. 18, 2020) (denying the plaintiff's motions for permission to use the court's ECF system because "plaintiff's motions do not set forth any reasons why he requires access to electronic filing or why paper filing is inadequate").

[5] *Ghafoori v. Duncan*, No. 2:24-cv-03306-DJC-SCR, 2026 WL 369817, at *2 (E.D. Cal. Feb. 10, 2026) ("This Court's local rule recognizes, as do similar local rules in other districts, the difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to use e-filing").

[6] The PACER system acts as a portal to information stored on CM/ECF.

[7] *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk).

incarceration, no longer applies. Therefore, Plaintiff must ensure any filings are received by the Court by the applicable deadline.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Defendants **SHALL** file a status report **no later than seven (7) days** from the date of this order; and

2. Plaintiff's request to file electronically (*see* Doc. 47) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 20, 2026**

UNITED STATES MAGISTRATE JUDGE

4